UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS QUIZHPE MACAS, A-245-900-446,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER, et al.,<br><br>Respondents. | No.  1:26-cv-03046-DJC-EFB (HC)<br><br><br>FINDINGS AND RECOMMENDATIONS<br>(ECF Nos. 1, 2) |

Pending before the court is petitioner's petition for writ of habeas corpus, in which petitioner, a noncitizen alien, challenges his detention under 28 U.S.C. § 2241, ECF No. 1, and his motion for temporary restraining order.  ECF No. 2.  The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  ECF No. 4.  For the reasons set forth below, the undersigned recommends the motion and the petition be denied.

**BACKGROUND**

**A.  Factual Background**

In his verified petition, petitioner alleges that he is a citizen of Ecuador who entered the United States in 2024.  ECF No. 1 ¶¶ 1, 2.  On January 31, 2026, an Immigration Judge entered an order of removal against petitioner.  *Id.* ¶ 4.  Petitioner filed a motion to reopen, which was denied on February 19, 2026.  *Id.*  On February 24, 2026, petitioner was arrested by Immigration and Customs Enforcement (ICE).  *Id.* ¶¶ 6-9.  On March 17, 2026, petitioner appealed to the Board of Immigration Appeals (BIA) the denial of the motion to reopen, and this appeal remains

1

pending.  *Id*. ¶ 5.  Petitioner reiterates these facts in his motion for temporary restraining order.  ECF No. 2 at 2-3.

In their return to the petition and opposition to the motion for temporary restraining order, respondents agree that an Immigration Judge issued a removal order against petitioner on January 31, 2026.  ECF No. 10 at 1, Ex. 1.  Per respondents, petitioner did not appeal this order.  *Id*.  Instead, petitioner filed a motion to reopen, which was denied on February 19, 2026.  *Id*. at 1-2.  Respondents do not contest that petitioner appealed the denial of the motion to reopen, and that the appeal of this denial remains pending in the BIA.  *Id*.  Respondents additionally note that, on April 8, 2026, petitioner sought a discretionary stay by the BIA for the pendency of the appeal.  *Id*. at 2 (citing ECF No. 1 at 111-17).

In his reply brief, petitioner does not contest the facts set forth in respondents' return and opposition.  ECF No. 12 at 1-2.  Petitioner further represents that he had initially attempted to file an appeal to the denial of the motion to reopen on March 2, 2026, but it was rejected because he had paid the incorrect filing fee.  *Id*. at 2-3, Ex. B.  Petitioner additionally contends that his wife filed a Form I-130 petition on petitioner's behalf on February 6, 2026.  *Id*. at 2, Ex. A.

### B. Procedural Background

Petitioner initiated this action through counsel on April 22, 2026, and moved for a temporary restraining order the same day.  ECF Nos. 1-2.  The matter was referred to the undersigned on April 22, 2026.  ECF No. 4.  On April 29, 2026, respondents timely filed an answer to the petition and opposition to the motion for temporary restraining order, ECF No. 10, and petitioner filed a reply on May 1, 2026.  ECF No. 12.

## LEGAL STANDARDS

### A. Writ of Habeas Corpus

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

2

### B. Temporary Restraining Order

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially similar." *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain preliminary injunctive relief, the plaintiff must show (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). Where, as here, the Government is the opposing party to a request for temporary restraining order, the third and fourth factors "merge" in the court's analysis. *Nken v. Holder*, 556 U.S. 418, 435 (2009); *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). The first factor, "[l]ikelihood of success on the merits[,] is a threshold inquiry and is the most important factor." *Simon v. City & Cnty. of San Francisco*, 135 F.4th 784, 797 (9th Cir. 2025) (quoting *Env't Prot. Info. Ctr. v. Carlson*, 968 F.3d 985, 989 (9th Cir. 2020)). "[I]f a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation marks and citations omitted).

### DISCUSSION

In his petition, petitioner raises two claims for relief. He first alleges that his current detention is violative of the Immigration and Nationality Act (INA) because his removal order is not yet final and his current detention is not pursuant to an individualized custody determination where "all relevant factors" supporting his release from custody have been considered. ECF No. 1 at 8. In his second claim for relief, he alleges that his Fifth Amendment due process rights have been violated by his detention "for a prolonged period, particularly while he has an active appeal before the BIA, without a bond hearing where the Government demonstrates by clear and convincing evidence that he poses a flight risk or danger to the community." *Id*. at 9. He alleges that his due process rights have been additionally violated by the poor conditions of confinement, excessive force during his arrest, transfers to multiple detention facility, and substandard medical

care at the detention facility where he is housed. *Id*.

In his motion for temporary restraining order, petitioner argues that "[h]is claim – that his detention is unlawful while he has a pending BIA appeal, a pending I-130, a pending stay request, and severe medical and family needs—is strong and likely to succeed." ECF No. 2 at 5. Petitioner requests the court issue a temporary restraining order enjoining respondents from transferring or removing him during the pendency of the instant action, and from "taking any other action to facilitate his transfer or removal pending a hearing on this matter." *Id*. at 6. Petitioner argues that, absent a restraining order or preliminary injunction, he will suffer irreparable harm to his pending immigration proceedings, to his health, and to his family. *Id*. at 4.

For the reasons set forth herein, the undersigned recommends the petition be denied and the motion for temporary restraining order be denied.

### 1. Merits of the Petition

Based on the record before the court, petitioner has failed to demonstrate that his present detention violates the constitution or federal law on either of his claims for relief, and the undersigned recommends his petition be denied.

In his petition, petitioner alleges that his removal order is not yet final, but the record appears to belie this representation, thereby undermining petitioner's arguments that he is entitled to relief on either claim. By statute, a removal order becomes administratively final "upon the earlier of-- (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C.A. § 1101(47)(B). The governing regulations similarly provide that, "the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first." 8 C.F.R. § 1003.39. Petitioner argues that the fact that he filed a motion to reopen proceedings before the IJ, and the appeal of the denial of that motion is still pending before the BIA, renders his removal order not yet administratively final. ECF No. 12 at 3-4. This position, however, is at odds with governing law. The Court of Appeals has held that a motion to reopen does not operate as a "review" of the IJ's decision within the meaning of § 1101(47)(B), which would render the decision not final.

4

Rather, a motion to reopen acts as a "collateral review of [a] final order[] of removal," *Diouf v. Napolitano*, 634 F.3d 1081, 1086 (9th Cir. 2011), i.e., the filing of it does not render the removal order not final. *See id*.; *see, e.g.*, *Viengkhone S. v. Albarran*, 817 F. Supp. 3d 901, 911 (E.D. Cal. 2025); *Escobar v. Lynch*, No. CV 16-00683 LEK-RLP, 2017 WL 2369374, at *4 (D. Haw. May 31, 2017).  This understanding accords with the regulations governing motions to reopen, which provide that such a motion "must be filed no later than 90 days after the date on which the *final administrative decision* was rendered in the proceeding sought to be reopened," 8 C.F.R. § 1003.2(c) (italics added), indicating by implication that the removal proceeding is administratively final at the time a motion to reopen is filed.  Thus, the weight of authority commands a finding that the finality of petitioner's removal order was not altered by virtue of there being a pending appeal from the motion to reopen in the BIA.

Accordingly, petitioner's order of removal became administratively final when either the BIA affirmed the IJ's order on appeal or, if no appeal to the BIA was filed, when the time to file an appeal expired.  8 U.S.C.A. § 1101(47)(B); 8 C.F.R. § 1003.39.  Under the regulations operative at the time, petitioner had 30 days to file an appeal in the BIA after the issuance of the adverse removal order.  8 C.F.R. § 1003.38(b)(1) (2022).  The uncontested record before the court is that petitioner's removal order was issued on January 31, 2026, and that petitioner did not appeal the denial to the BIA.  ECF No. 1 ¶ 4; ECF No. 10 at 1, Ex. 1.  Thus, petitioner's removal order became administratively final on March 2, 2026.

This fact is relevant to both of petitioner's claims for relief.  Under 8 U.S.C. § 1231(a), the Attorney General is mandated to detain an alien who has been ordered removed within 90 days of the removal order becoming final.  Specifically, this period begins on the latest of the following:

> **(i)** The date the order of removal becomes administratively final.
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C.A. § 1231(a)(1)(B).  As the Court of Appeals has summarized in a similarly-postured case, "if" an order of removal is final, "then section 1231(a) controls [the non-citizen's detention].

If not, then section 1226(a) provides the only authority for detaining him." *Padilla-Ramirez v. Bible*, 882 F.3d 826, 830-31 (9th Cir. 2017); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008).

The finality of petitioner's removal order renders moot his first claim for relief. In that claim, petitioner alleges that his detention is unauthorized under the Immigration and Nationality Act because he was not detained pursuant to an individualized custody determination where relevant facts were considered. ECF No. 1 at 8. Even if, arguendo, that may have been true at the time of his arrest on February 19, 2026, when his removal order became final on March 2, 2026, his detention became mandatory, for 90 days, under the INA. 8 U.S.C. § 1231(a). As many courts have held, once a removal order becomes final triggering the Government's detention authority under § 1231(a), claims of error arising from pre-removal-order detention become moot. *See Baires v. Lynch*, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016) (collecting cases); *see, e.g.*, *Kapila v. Murray*, No. 1:24-CV-00914-SAB-HC, 2024 WL 5090012, at *3 (E.D. Cal. Dec. 12, 2024); *Leandro v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-1478 DC CSK, 2026 WL 972784, at *2 (E.D. Cal. Apr. 10, 2026). As such, petitioner has not shown that he is entitled to relief on his first claim, wherein he alleges his detention violates the INA.

Petitioner also fails to demonstrate that he is entitled to relief on his second claim, that his prolonged detention violates his rights to due process under the Fifth Amendment.[1] The Supreme Court has held that the Due Process Clause does not permit a noncitizen subject to a final removal order to be detained indefinitely, and that a six-month period of detention is presumptively reasonable as a matter of due process, but that presumption may be rebutted. *Zadvydas v. Davis,*

---

[1] Petitioner also briefly alleges that the conditions of his present confinement, including lack of access to medical care, violate his due process rights. ECF No. 1 at 9. These allegations are not cognizable in habeas corpus, but rather must be raised in a civil rights action. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971); *see Dury v. Copenhaver*, No. 1:12-CV-01809-LJO, 2012 WL 5878852, at *1-2 (E.D. Cal. Nov. 21, 2012) (collecting cases). Petitioner also alleges that excessive force utilized in his arrest violated his due process rights, entitling him to habeas corpus relief. ECF No. 1 at 9. This allegation too, however, cannot give rise to habeas corpus relief as alleged. *See Smithart v. Towery*, 79 F.3d 951, 952-53 (9th Cir. 1996)

6

533 U.S. 678 (2001). The noncitizen's due process right to be free from unduly lengthy detention, however, only attaches once the 90-day period of mandatory detention expires; in other words, there is no cognizable liberty interest in being free from detention during that 90-day period. *Id*. at 682-83; *see Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004). Accordingly, the Court of Appeals has held that it is proper for a district court to dismiss or deny a habeas corpus petition that challenges, on due process grounds, the length of the petitioner's post-removal-order detention if the petitioner is still in the 90-day period of mandatory detention under § 1231(a). *Khotesouvan*, 386 F.3d 1298.

That result obtains here. Here, petitioner's removal order became final on March 2, 2026, and thus he is subject to mandatory detention by statute until May 31, 2026. 8 U.S.C. § 1231(a). Until that date, he does not have a cognizable liberty interest in his relief and, as a matter of law, the period of detention he has experienced after his removal order has become final is not unreasonable nor demonstrates that his removal is not reasonably foreseeable so as to violate his rights to due process. *See Zadvydas,* 533 U.S. 678; *Khotesouvan*, 386 F.3d 1298.

Petitioner additionally argues that his period of detention before the finality of his removal order should be aggregated with the period following his removal order becoming final and, when aggregated, his detention has been so lengthy as to violate his rights to due process because, in the aggregate, he has been detained longer than six months. ECF No. 1 at 9. Some courts have recognized this as a cognizable theory of relief under *Zadvydas*, 533 U.S. 678. *See, e.g.*, *Chantha v. Warden*, No. 1:26-CV-01052-DJC-SCR, 2026 WL 925995, at *4 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted,* No. 1:26-CV-01052-DJC-SCR, 2026 WL 1147960 (E.D. Cal. Apr. 28, 2026); *Rodriguez v. Warden of Mesa Verde Det. Facility*, No. 1:25-CV-01680-TLN-CKD, 2026 WL 599141, at *2 (E.D. Cal. Mar. 3, 2026). Here, however, even if both periods of petitioner's detention are considered—both that preceding and that following the finality of his removal order—petitioner's total length of detention since arrest has not exceeded six months, i.e., the period the Court in *Zadvyadas* held was presumptively reasonable as a matter of due process, and petitioner presents no other facts tending to show that his removal is not otherwise reasonably foreseeable. *See Zadvydas,* 533 U.S. 678; *see generally* ECF No. 1.

7

Accordingly, petitioner has not shown that he is entitled to habeas corpus relief on the basis that his present detention violates his rights to due process, and the undersigned recommends the petition be denied without prejudice.

### 2. Motion for Temporary Restraining Order

Petitioner also has not demonstrated his entitlement to emergency relief in his motion for temporary restraining order and the undersigned recommends it be denied. To the extent his motion is premised on his likelihood of success on the claims raised in his petition, *see* ECF No. 2 at 6, petitioner has failed to demonstrate such likelihood for the reasons explained *ante*. *See generally Winter*, 555 U.S. at 20. To the extent that petitioner requests a temporary restraining order enjoining respondents from transferring him to another detention facility, that request is moot in light of the court's April 23, 2026 order ordering same during the pendency of this action. *See* ECF No. 6. Finally, to the extent petitioner requests that the court enjoin respondents from removing him, *see* ECF No. 2 at 6-7, such relief exceeds the scope of the court's authority given that the claims raised in the underlying petition do not provide grounds to enjoin the Government from effectuating a lawful removal order. *See Rauda v. Jennings*, 55 F.4th 773, 781 (9th Cir. 2022) (under 8 U.S.C. § 1252(g), district court lacks jurisdiction to grant a temporary restraining order enjoining the Government from effectuating a removal order); *see also E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018) (holding that the scope of a restraining order must be tailored to the violations established by the movant). For all of these reasons, the court recommends petitioner's motion for temporary restraining order be denied.

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's petition for writ of habeas corpus (ECF No. 1) be DENIED, and that petitioner's Motion for Temporary Restraining Order (ECF No. 2) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

8

"Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 29, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE